WEITZMAN LAW OFFICES, LLC
Kenneth S. Weitzman (Bar No. 021451992)
425 Eagle Rock Avenue, Suite 102
Roseland, New Jersey 07068
Tel.: (973) 403-9940
Fax: (973)-403-9944

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES HANSON, | DOCUMENT FILED ELECTRONICALLY |
| *Plaintiff*, | |
| v. | Civil Action No. _____ |
| TIGER SUPPLIES INC. aka ADIR CORP., and ADIR CORPORATION OF NY, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| *Defendants*. | |

Plaintiff James Hanson ("Plaintiff") for his Complaint against the Defendants, Tiger Supplies Inc. aka Adir Corp. (hereinafter "Defendant" or "Tiger Supplies") and Adir Corporation of NY (herein after "Defendant" or "Adir Corp."), alleges as follows:

### NATURE OF THIS ACTION

1.     This is a civil action for the infringement of United States Design Patent No. D557,543 ("the '543 Patent") under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, arising from Defendants' manufacture, use, offer to sell, sale and/or importation of infringing blueprint support racks.

### THE PARTIES

2.     Plaintiff James Hanson is an individual residing in Lilburn, Georgia.

3.      Upon information and belief, Defendant Tiger Supplies is a New Jersey corporation, is registered to use the alternative name Adir Corp. in New Jersey, and has its principal place of business at 27 Selvage Street, Irvington, New Jersey 07111.

4.      Upon information and belief, Defendant Adir Corporation of NY is a New York corporation also having its principal place of business at 27 Selvage Street, Irvington, New Jersey 07111.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this is an action arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

6.      This Court has personal jurisdiction over the Defendant Tiger Supplies because: (a) Tiger Supplies is a New Jersey corporation having its principal place of business in Irvington, New Jersey, (b) upon information and belief, Tiger Supplies regularly transacts and solicits business in New Jersey through the offer for sale, sale and/or importation of products in New Jersey; and (c) Tiger Supplies is committing and has committed acts of patent infringement by manufacturing, offering for sale and selling infringing products within New Jersey, including via its interactive ecommerce website at www.tigersupplies.com and its brick-and-mortar showroom located in Irvington, New Jersey.

7.      This Court has personal jurisdiction over Defendant Adir Corp. because: (a) upon information and belief, Adir Corp. has its principal place of business in Irvington, New Jersey; (b) upon information and belief, Adir Corp. regularly transacts and solicits business in New Jersey through the manufacture, offer for sale, sale and/or importation of products in New Jersey;

and (c) Adir Corp. is committing and has committed acts of patent infringement by manufacturing, offering for sale, and selling infringing products within New Jersey.

8.      Venue is proper in this judicial district under 28 U.S.C. §1400(b) because: (i) both Defendants have committed acts of infringement by selling and offering for sale infringing products within this district and have a regular and established place of business in this district; and (ii) with respect only to Defendant Tiger Supplies, Defendant Tiger Supplies resides in this district.

## THE PATENT-IN-SUIT

9.      On December 18, 2007, the '543 Patent, entitled "Support Rack For Holding Rolled Drawings," was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO").  A true and correct copy of the '543 Patent is attached as **Exhibit A**.  The '543 Patent is valid, enforceable and currently in full force and effect.

10.     Plaintiff is the inventor and owner of all right, title and interest in and to the '543 Patent.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.     Plaintiff invents and designs document organizational tools for the architectural, engineering and building industry.

12.     Plaintiff commercializes floor supported and wall mounted blueprint storage racks covered by the '543 Patent under the trademark "Vis-I-Rack™" through his company Interactive Building Services, Inc. dba www.planracks.com, located in Lilburn, Georgia, as well as through authorized wholesale distributors.

13.     Defendants are direct competitors with Plaintiff's company, Interactive Building Services, Inc., which manufactures, fabricates, markets and distributes organizational tools for the architectural, engineering and building industry.

14.     Upon information and belief, Defendant Adir Corp. designs, manufactures, offers for sale, and sells office supply products under the brand AdirOffice™, including blueprint storage racks.

15.     Upon information and belief, Defendant Tiger Supplies offers for sale and sells various products for contractors, engineers and surveyors, including Defendant Adir Corp.'s AdirOffice™ brand blueprint storage racks.

## DEFENDANTS' INFRINGING ACTIVITIES

16.     On information and belief, Defendants have manufactured, offered for sale, sold, and/or imported into the United States blueprint storage racks that infringe the '543 Patent.

17.     On information and belief, an ordinary observer will perceive the overall appearance of the designs of Defendants' blueprint storage racks to be substantially the same as and/or a colorable imitation of the overall appearance of the designs of the '543 Patent.

18.     Table 1 below compares representative figures of the '543 Patent with representative images of Defendants' AdirOffice™ Standing Blueprint Storage Rack Model Nos. ADI692-01-BLK and ADI692-01-WHI.



| **Table 1: Comparison of '543 Patent and Defendants' Standing Blueprint Storage Rack** | |
|---|---|
| **'543 Patent Figures** | **AdirOffice™ Model No. ADI692-01-BLK** |
|  FIG. 16  FIG. 15 |  |

19. In the eye of the ordinary observer familiar with the relevant prior art, giving such attention as a purchaser usually gives, the claimed design of the '543 Patent and Defendants' AdirOffice™ Standing Blueprint Storage Racks are substantially the same, such that the ordinary observer would be deceived into believing that Defendants' AdirOffice™ Standing Blueprint Storage Racks are the design claimed in the '543 Patent.

20. Table 2 below compares representative figures of the '543 Patent with representative images of Defendants' AdirOffice™ Wall Mount Blueprint Storage Rack Model Nos. ADI692-50-BLK and ADI692-50-WHI.

**Table 2: Comparison of '543 Patent and Defendants' Wall Mount Blueprint Storage Rack**



| | AdirOffice™ Model No. ADI692-50-BLK |
|---|---|

21.     In the eye of the ordinary observer familiar with the relevant prior art, giving such attention as a purchaser usually gives, the claimed design of the '543 Patent and Defendants' AdirOffice™ Wall Mount Blueprint Storage Racks are substantially the same, such that the ordinary observer would be deceived into believing that Defendants' AdirOffice™ Wall Mount Blueprint Storage Racks are the design claimed in the '543 Patent.

22.     Plaintiff did not give Defendants authorization or license to make, use, offer to sell, sell, or import the infringing blueprint storage racks.

23.     Defendants have directly infringed, and continue to directly infringe, the '543 Patent by making, using, offering to sell, selling and/or importing blue print storage racks, including AdirOffice™ Model Nos. ADI692-01-BLK, ADI692-01-WHI, ADI692-50-BLK and ADI692-50-WHI, having substantially the same ornamental design as the design claimed in the '543 Patent, in violation of 35 U.S.C. §§ 271(a) and 289.

24.     Upon information and belief, Defendants market and sell the infringing blueprint storage racks via Defendant Tiger Supplies' ecommerce website at www.tigersupplies.com, its brick-and-mortar showroom located in Irvington, New Jersey, and on third party ecommerce websites including Amazon.com.

25.     Upon information and belief, Defendants have engaged and continue to engage in the above activities willfully and without the authorization of Plaintiff, with the knowledge that the design of each infringing blueprint storage rack is substantially the same as the designs of the '543 Patent.

26.     Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiff and his business unless restrained by this Court.

**CLAIM FOR RELIEF**
**(Infringement Under 35 U.S.C. § 271 of the '543 Patent)**

27.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

28.     Defendants, without authorization from Plaintiff, have made, used, offered for sale, sold, and/or imported into or in the United States, and continue to make, use, offer for sale, sell, and/or import into or in the United States, blueprint storage racks having designs that infringe the '543 Patent.

29.     By the foregoing acts, Defendants have infringed and continue to infringe the '543 Patent in violation of 35 U.S.C. §§ 271(a) and 289.

30.     Defendants' conduct violates 35 U.S.C. § 271 and has caused, and unless enjoined by this Court pursuant to 35 U.S.C. § 283, will continue to cause, Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

31.     Plaintiff has suffered pecuniary damages in amounts to be determined at trial as a result of Defendants' infringement of the '543 Patent, pursuant to 35 U.S.C. §§ 284 and 289.

32.     Defendants have also profited from, and continue to profit from, their infringing conduct.

33.     Upon information and belief, Defendants' aforesaid conduct has been undertaken knowingly, willfully, and in bad faith, and with knowledge of Plaintiff's rights.  Such acts constitute willful infringement and make this case pursuant to 35 U.S.C. §§ 284 and 285, and entitle Plaintiff to enhanced damages and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Enter judgment that Defendants have infringed Plaintiff's '543 Patent and that such infringement has been willful;

B.     Enter a permanent injunction against Defendants, pursuant to 35 U.S.C. § 283 and/or the equitable powers of this Court, to prevent further infringement of the '543 patent;

C.     Award damages, in an amount to be determined, adequate to compensate Plaintiff for the infringement that has occurred, pursuant to 35 U.S.C. § 284;

D.     Order Defendants to account for and pay to Plaintiff any and all profits made by Defendants from sales of its infringing products pursuant to 35 U.S.C. § 289;

E.     Order Defendants to pay Plaintiff its costs and attorneys' fees in this action pursuant to 35 U.S.C. § 285 and/or other applicable laws; and

F.     Award Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**WEITZMAN LAW OFFICES, LLC**

Dated:  November 17, 2017                By:   /s  Kenneth S. Weitzman
 
Kenneth S. Weitzman (Bar No. 021451992)
425 Eagle Rock Avenue, Suite 102
Roseland, New Jersey 07068
Tel. (973) 403-9940
Email: kweitzman@weitzmanip.com

*Attorneys for Plaintiff James Hanson*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

<div align="center">

**WEITZMAN LAW OFFICES, LLC**

</div>

Dated:  November 17, 2017    By:  /s  Kenneth S. Weitzman
                Kenneth S. Weitzman (Bar No. 021451992)
                425 Eagle Rock Avenue, Suite 102
                Roseland, New Jersey 07068
                Tel. (973) 403-9940
                Email: kweitzman@weitzmanip.com

                *Attorneys for Plaintiff James Hanson*

## RULE 201.1 CERTIFICATION

Pursuant to L. Civ. R. 201.1, the undersigned counsel for Plaintiff hereby certifies that, in addition to monetary damages, Plaintiff seeks injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

**WEITZMAN LAW OFFICES, LLC**

Dated:  November 17, 2017

By:   /s  Kenneth S. Weitzman
Kenneth S. Weitzman (Bar No. 021451992)
425 Eagle Rock Avenue, Suite 102
Roseland, New Jersey 07068
Tel. (973) 403-9940
Email: kweitzman@weitzmanip.com

*Attorneys for Plaintiff James Hanson*